# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Francisco Ortega and Juan Vasquez Paulino, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 17-cv-1467 |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | |
| 82 Food Corp. d/b/a Key Food, PS Food Corp. d/b/a Key Food, Ahmed Hakim, and Jaynal Abdin, | |
| Defendants. | |

       Plaintiffs Francisco Ortega and Juan Vasquez Paulino, by and through their undersigned attorneys, for their complaint against defendants 82 Food Corp., PS Food Corp., Ahmed Hakim, and Jaynal Abdin, alleges as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Francisco Ortega and Juan Vasquez Paulino allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants 82 Food Corp., PS Food Corp., Ahmed Hakim, and Jaynal Abdin, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Ortega and Mr. Vasquez Paulino further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York

Labor Law for these violations; and (iv) statutory damages for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiffs Mr. Ortega and Mr. Vasquez Paulino are adult individuals residing in Brooklyn, New York.

4.   Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5.   Upon information and belief, defendant 82 Food Corp. d/b/a Key Food ("82 Food") is a New York corporation with a principal place of business at 800 Rockaway Avenue, Brooklyn, New York.

6.   Upon information and belief, defendant PS Food Corp. d/b/a Key Food is a New York corporation with a principal place of business at 320 Pennsylvania Avenue, Brooklyn, New York.

7.   At all relevant times, defendants 82 Food and PS Food (collectively, the "Key Food defendants") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.   Upon information and belief, at all relevant times, the Key Food defendants have had gross annual revenues in excess of $500,000.00.

9. Upon information and belief, at all relevant times herein, the Key Food defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

10. At all relevant times, the Key Food defendants shared common ownership and management, common personnel, and operated for a common business purpose.

11. Upon information and belief, at all relevant times, the Key Food defendants have constituted a single "enterprise" as defined in the FLSA.

12. Upon information and belief, at all relevant times, the Key Food defendants constituted "joint employers" within the meaning of the FLSA and New York Labor Law.

13. Upon information and belief, defendant Ahmed Hakim is an owner or part owner and principal of the Key Food defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Defendant Ahmed Hakim was involved in the day-to-day operations of the Key Food defendants and played an active role in managing the businesses.

15. Upon information and belief, defendant Jaynal Abdin is an owner or part owner and principal of the Key Food defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Defendant Jaynal Abdin was involved in the day-to-day operations of the Key Food defendants and played an active role in managing the businesses.

17. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action

on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by
> defendants in the United States at any time since
> March 15, 2014, to the entry of judgment in this
> case (the "Collective Action Period"), who were
> retail supermarket employees, and who were not
> paid statutory minimum wages and/or overtime
> compensation at rates at least one-and-one-half
> times the regular rate of pay for hours worked in
> excess of forty hours per workweek (the
> "Collective Action Members").

21. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

> All persons who are or were employed by
> defendants in the United States at any time since
> March 15, 2011, to the entry of judgment in this
> case (the "Class Period"), who were retail
> supermarket employees, and who were not properly
> paid statutory minimum wages and/or overtime
> compensation, and/or who were not provided with
> appropriate wage notices or weekly wage
> statements (the "Class Members").

22. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

23. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon

information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

24. Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

25. Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and plaintiffs have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

26. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

27. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members

because defendants have acted on grounds generally applicable to all members.

28. Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members are the following:

    a. Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members at a rate at least equal to the statutory minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

    b. Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    c. Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members at a rate at least equal to the statutory minimum wage, in violation of New York wage and hour laws and the regulations promulgated thereunder;

    d. Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members premium pay for hours worked in excess of forty

per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

e. Whether defendants failed and/or refused to provide plaintiffs and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

f. Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

g. Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

29. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

30. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt retail supermarket employees, and were denied payment at the statutory minimum wage and/or

were denied premium overtime pay for hours worked beyond forty hours in a week.

31. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

32. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

33. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

34. At all relevant times herein, defendants owned and operated supermarkets in New York under the name Key Food, including ones in Brooklyn located at 800 Rockaway Ave. and one located at 340 Pennsylvania Ave.

35. Plaintiff Mr. Ortega was employed by the Key Food defendants from approximately October 21, 2012 through January 8, 2017.

36. Mr. Ortega was employed at the Rockaway Avenue supermarket until August 2, 2014, and was then transferred by defendants to the Pennsylvania Avenue location.

37. Plaintiff Mr. Vasquez Paulino was employed by the Key Food defendants from approximately October 15, 2012 through January 7, 2017.

38. Mr. Vasquez Paulino was employed at the Pennsylvania Avenue supermarket for one week, and was then transferred by defendants to the Rockaway Avenue location.

39. Plaintiffs were employed as stockers at the supermarkets, although they occasionally made local deliveries, on foot, when necessary.

40. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

41. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

42. From the start of Mr. Ortega's employment with the Key Food defendants through roughly December 2014, he worked a regular schedule of nine hours per day, six days per week, for a total of about 54 hours per week. Commencing in approximately January of 2015, defendants reduced his schedule to eight hours per day, for a total of about 48 hours per week. Commencing in roughly mid-

November 2016, defendants reduced his schedule still further, to seven hours per day, for a total of about 42 hours per week.

43. Mr. Vasquez Paulino worked a regular schedule of 9 hours per day, six days per week, throughout his employment, for a total of 54 hours per week.

44. Plaintiffs were paid fixed weekly salaries throughout their employment.

45. At the outset of Mr. Ortega's employment, he was paid $360 per week; at the beginning of 2013 he was given a raise to $390 per week.

46. Mr. Vasquez Paulino was paid $325 per week when he was hired, but he was given a raise to $390 per week after a few weeks. In mid-2014 he was given a further raise, to $425 per week.

47. The amount of pay that plaintiffs received did not vary based on the precise number of hours that they worked in a day, week, or month.

48. As a result, plaintiffs' effective rate of pay was always below the statutory New York minimum wages in effect at relevant times; in addition, plaintiff Ortega's effective rate of pay was below the federal minimum wage through the end of 2014, and plaintiff Vasquez Paulino's

effective rate of pay was below the federal minimum wage through the middle of 2014.

49. Defendants' failure to pay plaintiffs amounts at least equal to the federal or New York state minimum wages in effect during relevant time periods was willful, and lacked a good faith basis.

50. Plaintiffs were paid in cash throughout their employment, and they received no paystubs or wage statements of any sort with their pay.

51. In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

52. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

53. Defendants failed to provide plaintiffs with accurate written notices, in their native language of Spanish, providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signature acknowledging the same, upon their hiring or at

any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

54. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

55. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Class and Collective Action Members) in positions at defendants' supermarkets that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

56. Defendants applied the same employment policies, practices, and procedures to all Class and Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

57. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

58. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

59. Upon information and belief, these other individuals were not provided with required compliant wage notices, or weekly wage statements, as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

60. Upon information and belief, while defendants employed plaintiffs and the Class and Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

61. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

63. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

64. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

65. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

66. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

67. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated the rights of plaintiffs and the members of the Class rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

70. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71. Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

72. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

74. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

75. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

76. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

77. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

78. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

79. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

81. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

82. Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

83. Plaintiffs, on behalf of themselves and the members of the Class repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

84. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

85. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with valid wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

86. Defendants willfully violated the rights of plaintiffs and the me

87. mbers of the Class by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

88. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

89. Due to defendants' New York Labor Law violations relating to the failure to provide accurate, compliant wage notices, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h. Liquidated damages for defendants' New York Labor Law violations;

i. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and postjudgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated: March 15, 2017

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Key Food Supermarket and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Key Food Supermarke y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Franciso Domingo Ortega Ovalles

Date: January 19, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Key Food Supermarket and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Key Food Supermarke y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

Juan Andres Vasquez Paulino

Date: January 19, 2017